**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00048-LLK**

**JENNY LEE DUNCAN**                                                                     **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff's fact and law summary is at Docket # 17, and Defendant's fact and law summary is at Docket # 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 13.) The matter is ripe for determination.

**Discussion**

This Court's review of the Administrative Law Judge's (ALJ's) decision is limited to whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence in the administrative record. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id.* at 406. A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If so, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

Plaintiff makes two arguments:

1. The ALJ erred in finding that her inflammatory arthritis does not meet or equal the clinical criteria of Section 14.09(D) of Appendix 1 of the regulations (the Listing of medical impairments). (Docket # 17 at 3 referencing Administrative Record (AR) at 17).

1

2. The ALJ erred in finding that she has a residual functional capacity (RFC) to perform a limited range of sedentary work. (*Id.* at 5 referencing AR at 18).

While Plaintiff shows that substantial evidence would have supported findings that her inflammatory arthritis satisfies the Listing and that she is unable to perform even a limited range of sedentary work, substantial evidence also supports the ALJ's findings to the contrary. Therefore, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Substantial evidence supports the ALJ's finding that Plaintiff's inflammatory arthritis does not satisfy Listing 14.09(D).

Plaintiff carries the burden of proving that she suffers from a medical impairment satisfying the clinical criteria of a listed impairment, and her burden is strictly construed because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Listing 14.09(D) provides that Plaintiff is per-se disabled if she identifies evidence in the administrative record that required (and not merely allowed) the ALJ to find that the following clinical criteria are satisfied:

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> (1) Limitation of activities of daily living.
>
> (2) Limitation in maintaining social functioning.
>
> (3) Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

As to the Listing's requirement of constitutional symptoms or signs, Plaintiff mentions her severe fatigue and involuntary weight loss in her fact and law summary. "Severe fatigue means a frequent sense of exhaustion that results in significantly reduced physical activity or mental function." Listing 14.00(C). The ALJ found Plaintiff's allegations of limitation due to pain and other subjective symptoms to be credible only to the extent of his residual functional capacity (RFC) findings, and he did not fully credit her self-reported limitations on her Function Report. (AR at 18, 218-26). Plaintiff's treating physician, John Horn, stated that Plaintiff has "chronic" (but not severe) fatigue. (AR at 460). The ALJ was not required to find that Plaintiff has "severe" fatigue as contemplated by Listing 14.09(D).

The evidence of weight loss is not entirely consistent and not necessarily due to Plaintiff's inflammatory arthritis. At the January 2017 administrative hearing, counsel stated that Plaintiff weighed 177 pounds in April 2015 and 150 pounds in November 2016, with a lowest weight of 142 pounds in April 2016. (AR at 34). In November 2016, Dr. Horn stated that Plaintiff "has lost 50 pounds over last 1-2 years" due to mental and/or emotional factors. (AR at 464).

As to the Listing's requirement of functional limitations, the ALJ found that Plaintiff is "moderately," "mildly," and "mildly" limited in the relevant categories. According to the ALJ, Plaintiff has experienced "moderate" limitations in adapting or managing herself, "mild" limitations in interacting with others, and "mild" limitations with regard to concentrating, persisting, or maintaining pace. (AR at 17). "Marked" means "more than moderate but less than extreme." Listing 14.00(I)(5). There is no evidence that any medical source opined that Plaintiff has a "marked" limitation in these functional areas. "Evidence that a claimant possesses the capacity to care for [herself], such as the ability to attend church, visit friends or relatives, drive a car, shop, cook, clean, read and watch television, lends support to an ALJ's finding that the claimant does not have a marked limitation on [her] activities of daily living or social functioning." *Driver v. Comm'r*, No. 2:08–cv–0001, 2011 WL 2600882, at *4 (M.D. Tenn., June 30, 2011).

Plaintiff is a single mother of two boys. The ALJ found that she takes care of them and her own personal needs, prepares meals, does household chores, pays bills, and drives. (AR at 17). Substantial evidence supports the ALJ's finding that Plaintiff's inflammatory arthritis does not satisfy Listing 14.09(D).

## Substantial evidence supports the ALJ's finding that Plaintiff can perform a limited range of sedentary work.

Generally, to perform sedentary work, an individual must be able to sit 6 hours (total) per 8-hour workday. *See* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5 (The full range of sedentary work contemplates that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday and sitting should generally total approximately 6 hours of an 8-hour workday."). The ALJ found that Plaintiff can perform sedentary work with significant, additional physical restrictions:

> The claimant can occasionally lift/carry 10 pounds and frequently less than 10 pounds; sit for six hours in an eight-hour workday, stand and/or walk for two hours in an eight-hour workday; push/pull up to the exertional limit occasionally with her bilateral upper and lower extremities; can frequently reach overhead bilaterally; frequently handle/finger/feel bilaterally; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, knee, crouch, never crawl, no work around unprotected heights or moving mechanical parts; avoid concentration exposure to vibrations and extreme temperatures.

(AR at 18).

In support of her argument that she cannot perform sedentary work, Plaintiff relies on a Medical Source Statement completed by Dr. Horn, which found, among other things, that she can sit for only 4 hours (total) in an 8-hour workday. (AR at 462). The ALJ discounted Dr. Horn's opinion because it was unsupported by objective medical evidence and inconsistent with the record as a whole.[1] AR at 23; *see* 20 C.F.R. § 404.1527(c)(2) (A treating physician's medical opinion is entitled to controlling weight only if it

---

[1] Counsel argues that "it would be difficult for [Plaintiff] to determine what was meant by the decision when the language is so confusing." (Docket # 17 at 5.) Plaintiff is referring to the following sentence from the ALJ's decision, which contains three typographical errors: "The undersigned also assigned little weight to the treating physician Dr. John Hunt (sic.), who sees the claimants (sic.) every three months; however, his opinion is (sic.) totally consistent with the treatment notes or the treatment of the claimant." (AR at 23). In context, it is apparent that the ALJ was discounting Dr. <u>Horn</u>'s opinion because it was <u>not</u> totally consistent with Plaintiff's treatment.

is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record.").

In May 2015, Mark Burns, M.D., examined Plaintiff at the request of the Commissioner and found, among other things, that she can "sit for approximately six hours out of an eight-hour day with normal breaks." (AR at 347). The ALJ gave "[g]reat weight to the examination findings of Dr. Burns." (AR at 23).

To the extent Plaintiff urges the Court to conclude that the raw medical findings in the administrative required the ALJ to find additional restrictions, the argument is unpersuasive. Lay persons, including Plaintiff and this Court, are simply "not qualified to interpret raw medical data in functional terms." *Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013) (quoting *Nguyen v. Sec'y*, 172 F.3d 31, 35 (1st Cir. 1999)).

## ORDER

The final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

March 11, 2019

**Lanny King, Magistrate Judge**
**United States District Court**